UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JUAN A. MAYS, | ) | CASE NO. 1:07 CV 1171 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On April 20, 2007, pro se plaintiff Juan A. Mays, signing the complaint as the "Chairperson [of the] Offenders Rights Association," filed this action under 42 U.S.C. § 1983 against Cuyahoga County, Ohio. (Compl. at 4.) In the complaint, Mr. Mays alleges that the law library in the Cuyahoga County jail has been closed. He contends that jail inmates may be denied due process or access to the courts. He seeks injunctive relief.

**Background**

Mr. Mays states that on January 22, 2007, the Cuyahoga County Jail closed its law library, causing inmates to rely on their defense counsel for legal information. He claims "the minimum required is protected by having and [sic] assigned appointed or public defender fulfills constitution [sic] amendment to right to counsel and due process respectively." (Compl. at 1.) He alleges that having access to legal counsel does not adequately protect the inmates' interests.

As an example, Mr. Mays cites to his own experience with his 2001 conviction for possession of drugs. He claims he was indicted for possessing "one gram or less" which he contends is a third degree misdemeanor if it is a first offense and a second degree misdemeanor if it is a second degree offense. He alleges that without the law library at the Cuyahoga County Jail, "the defendant in Mays v. Ohio (Juan Mays) would have pleaded to unnecessary fifth degree felony on the advice of counsel of record."[1] (Compl. at 2.) He indicates that inmates in the jail could also find themselves in this position and could be denied due process or access to the courts.

## **Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

---

[1] Court dockets indicate that Mr. Mays did plead guilty to the fifth degree felony in the case to which he refers. See State of Ohio v. Mays, CR-01-405855 (Cuyhoga Cty Ct. Com. Pl. indictment filed April 25, 2007). Cuyahoga County Court of Common Pleas dockets can be viewed at: www.cpdocket.cp.cuyahogacounty.us.

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

In every federal case, the party bringing the suit must establish standing to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). Standing jurisprudence can be categorized in two ways: Article III standing, which enforces the Constitution's case or controversy requirement, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-562 (1992); and prudential standing, which embodies "judicially self-imposed limits on the exercise of federal jurisdiction," Allen v. Wright, 468 U.S. 737, 751 (1984). The Article III limitations require the plaintiff to show that the conduct of which he complains has caused him to suffer an "injury in fact" that a favorable judgment will redress. See Lujan, 504 U.S. at 560- 561. Prudential standing encompasses "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." Allen, 468 U.S. at 751. "Without such limitations--closely related to Art. III concerns but essentially matters of judicial self-governance--the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights." Warth, 422 U.S. at 500.

In the present case, its not clear that Mr. Mays has standing to assert these claims. He indicates that the lack of a law library could result in a deprivation of due process or access to the courts if an inmate's assigned counsel does not adequately represent the client. He does not state that he has suffered either of these injuries. Instead, he purports to represent the interests of

3

all jailed persons and signs the complaint as the Chairperson of the "Offenders Rights Association." Mr. Mays lacks standing to assert claims on behalf of other inmates who may have suffered these injuries.

Furthermore, Mr. Mays's failure to allege an injury subjects his claims for denial of due process and access to the courts to dismissal. The lack of a law library does not deny the accused due process. The Fourteenth Amendment is satisfied if a pre-trial detainee, like Mr. Mays, has the assistance of an attorney during the course of his criminal trial. United States v. Smith, 907 F.2d 42, 44 (6th Cir.1990). There is no specific allegation in the complaint suggesting that Mr. Mays was denied due process during his criminal proceedings.

Moreover, to state a claim for denial of access to the courts, a plaintiff must demonstrate that he suffered actual injury. Lewis v. Casey, 518 U.S. 343, 351 (1996). The injury requirement is not satisfied by just any type of frustrated legal claim. Id. A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of a specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions. Id.; Hadix v. Johnson, 182 F.3d 400, 405 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration."[3] Id. at 355. Mr. Mays's allegation that pre-trial detainees may suffer injury if denied access to a law library does not state a claim under the First Amendment.

---

[3] The Supreme Court stressed that the First Amendment does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis, 518 U.S. at 355.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.


Dated: July 27, 2007                            *s/     James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.